IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY DUFORE, | No. CIV S-09-2427-CMK-P |
| Petitioner, | |
| vs. | ORDER |
| R.K. WONG, | |
| Respondent. | |
| _____/ | |

  Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court are: (1) petitioner's second application for leave to proceed in forma pauperis; and (2) petitioner's petition for a writ of habeas corpus (Doc. 1). As to petitioner's second in forma pauperis application, it will be denied as unnecessary because in forma pauperis status was previously granted on September 4, 2009 (see order at Doc. 6).

  Turning to petitioner's petition, Rule 4 of the Federal Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." In the instant case, it is plain that petitioner is not entitled to federal habeas relief

1

for two reasons. First, he pleaded no contest and, therefore, the instant collateral attack on the conviction and sentence is barred. Second, both of his claims are frivolous.

A guilty plea or plea of no contest which is knowingly, intelligently, and voluntarily made, bars any right to later assert claims based on constitutional deprivations allegedly occurring prior to the plea. See Lefkowitz v. Newsome, 420 U.S. 283, 288 (1975) (citing Brady v. United States, 397 U.S. 742 (1970); McMann v. Richardson, 397 U.S. 759 (1970); and Parker v. North Carolina, 397 U.S. 790 (1970)). Thus, where the defendant pleads guilty or no contest, he may only challenge whether the plea was valid (i.e., knowing, intelligent, and voluntary). See Tollett v. Henderson, 411 U.S. 258, 267 (1973); see also Mitchell v. Superior Court for Santa Clara County, 632 F.2d 767, 769-70 (9th Cir. 1980). This rule is known as the "Tollett rule."

An exception to this rule may exist where state law permits a challenge to an adverse pre-trial ruling despite a later plea. See Lefkowitz, 420 U.S. at 288 (citing McMann, 397 U.S. at 766). This is called the "Lefkowitz exception." In California, a defendant may raise an issue on appeal despite a plea if the defendant has filed a written statement with the trial court setting forth the grounds for the claim and the trial court has issued a certificate of probable cause for the appeal. See Mitchell, 632 F.2d at 771 (citing Cal. Penal Code § 1237.5). This rule, however, does not operate as an exception to the Tollett rule. See Mitchell, 632 F.2d at 772. The only Lefkowitz exception under California law is a statute permitting an appeal based on an alleged Fourth Amendment violation. See id. at 771; see also Cal. Penal Code § 1538.5. A conditional plea does not fall under the Lefkowitz exception. See Mitchell, 632 F.2d at 773. Another exception to the Tollett rule exists where the challenge goes to "the power of the state to bring the defendant into court to answer the charges brought against him." Journigan v. Duffy, 552 F.2d 283,  (9th Cir. 1977) (citing Blackledge v. Perry, 417 U.S. 21, 30 (1974)). This is known as the "Journigan exception."

///

1    Thus, under the Tollett rule, a defendant who pleaded guilty or no contest may
2  only raise claims on federal habeas which challenge the validity of the plea or fall within either
3  the Lefkowitz or Journigan exceptions.  Claims of ineffective assistance of counsel with respect
4  to the plea are permitted under the Tollett rule.  See Tollett, 411 U.S. at 267 (citing McMann,
5  397 U.S. at 771).
6    In this case, petitioner argues: (1) his enhanced sentence is unconstitutional
7  because the aggravating facts were found by a judge and not a jury; and (2) appellate counsel
8  rendered ineffective assistance by failing to "adequately and vigorously provide an appeal."
9  Neither of these claims relates to the validity of petitioner's no contest plea and, thus, the claims
10  are barred.
11    Even if the claims were not barred, they are patently frivolous and it is clear that
12  petitioner is not entitled to relief on either claim.  As to petitioner's first argument, he cites
13  Apprendi v. New Jersey, 530 U.S. 466 (2000), and cases which followed it for the proposition
14  that facts which aggravate a sentence beyond the statutory maximum must be found by a jury.
15  However, the Apprendi rule does not apply where the defendant admits the relevant facts via a
16  plea.  As to his second claim, appellate counsel had no obligation to raise frivolous or weak
17  arguments on appeal.  See Strickland v. Washington, 466 U.S. 668, 687-88 (1984); see also
18  Miller v. Keeney, 882 F.2d 1428, 1434 (9th Cir. 1989).  Given the exception to the Apprendi rule
19  for facts admitted by the defendant, the argument was just as meritless on direct appeal as it is
20  here.  Thus, appellate counsel could not have been ineffective for declining to raise the claim.
21    Based on the foregoing, petitioner will be required to show cause in writing why
22  his petition for a writ of habeas corpus should not be summarily dismissed.  Petitioner is warned
23  that failure to respond to this order may result in dismissal of the petition for the reasons outlined
24  above, as well as for failure to prosecute and comply with court rules and orders.  See Local Rule
25  11-110.
26  / / /

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's second application for leave to proceed in forma pauperis (Doc. 8) is denied as unnecessary; and

2. Petitioner shall show cause in writing, within 30 days of the date of this order, why this action should not be summarily dismissed.

DATED: October 1, 2009

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE