IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY DUFORE, | No. CIV S-09-2427-CMK-P |
| Petitioner, | |
| vs. | ORDER |
| R.K. WONG, | |
| Respondent. | |
| _____/ | |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner has consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and no other party has been served or appeared in the action.

On October 2, 2009, the court directed petitioner to show cause within 30 days why this petition should not be summarily dismissed.  The court stated:

> Turning to petitioner's petition, Rule 4 of the Federal Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  In the instant case, it is plain that petitioner is not entitled to federal habeas relief for two reasons.  First, he pleaded no contest and, therefore, the instant collateral attack on the conviction and sentence is

barred.  Second, both of his claims are frivolous.

A guilty plea or plea of no contest which is knowingly, intelligently, and voluntarily made, bars any right to later assert claims based on constitutional deprivations allegedly occurring prior to the plea.  See Lefkowitz v. Newsome, 420 U.S. 283, 288 (1975) (citing Brady v. United States, 397 U.S. 742 (1970); McMann v. Richardson, 397 U.S. 759 (1970); and Parker v. North Carolina, 397 U.S. 790 (1970)).  Thus, where the defendant pleads guilty or no contest, he may only challenge whether the plea was valid (i.e., knowing, intelligent, and voluntary).  See Tollett v. Henderson, 411 U.S. 258, 267 (1973); see also Mitchell v. Superior Court for Santa Clara County, 632 F.2d 767, 769-70 (9th Cir. 1980).  This rule is known as the "Tollett rule."

An exception to this rule may exist where state law permits a challenge to an adverse pre-trial ruling despite a later plea.  See Lefkowitz, 420 U.S. at 288 (citing McMann, 397 U.S. at 766).   This is called the "Lefkowitz exception."  In California, a defendant may raise an issue on appeal despite a plea if the defendant has filed a written statement with the trial court setting forth the grounds for the claim and the trial court has issued a certificate of probable cause for the appeal.  See Mitchell, 632 F.2d at 771 (citing Cal. Penal Code § 1237.5).  This rule, however, does not operate as an exception to the Tollett rule.  See Mitchell, 632 F.2d at 772.  The only Lefkowitz exception under California law is a statute permitting an appeal based on an alleged Fourth Amendment violation.  See id. at 771; see also Cal. Penal Code § 1538.5.  A conditional plea does not fall under the Lefkowitz exception.  See Mitchell, 632 F.2d at 773.  Another exception to the Tollett rule exists where the challenge goes to "the power of the state to bring the defendant into court to answer the charges brought against him."  Journigan v. Duffy, 552 F.2d 283,  (9th Cir. 1977) (citing Blackledge v. Perry, 417 U.S. 21, 30 (1974)).  This is known as the "Journigan exception."

Thus, under the Tollett rule, a defendant who pleaded guilty or no contest may only raise claims on federal habeas which challenge the validity of the plea or fall within either the Lefkowitz or Journigan exceptions.  Claims of ineffective assistance of counsel with respect to the plea are permitted under the Tollett rule.  See Tollett, 411 U.S. at 267 (citing McMann, 397 U.S. at 771).

In this case, petitioner argues: (1) his enhanced sentence is unconstitutional because the aggravating facts were found by a judge and not a jury; and (2) appellate counsel rendered ineffective assistance by failing to "adequately and vigorously provide an appeal."  Neither of these claims relates to the validity of petitioner's no contest plea and, thus, the claims are barred.

Even if the claims were not barred, they are patently frivolous and it is clear that petitioner is not entitled to relief on either claim.  As to petitioner's first argument, he cites Apprendi v. New Jersey, 530 U.S. 466 (2000), and cases which followed it for the proposition that facts which aggravate a sentence beyond the statutory maximum must be found by a jury.  However, the Apprendi rule does not apply where the defendant admits the relevant facts via a plea.  As to his second claim, appellate counsel had no obligation to raise frivolous or weak arguments on appeal.  See Strickland v. Washington, 466 U.S. 668, 687-88 (1984);

see also <u>Miller v. Keeney</u>, 882 F.2d 1428, 1434 (9th Cir. 1989).  Given the exception to the <u>Apprendi</u> rule for facts admitted by the defendant, the argument was just as meritless on direct appeal as it is here.  Thus, appellate counsel could not have been ineffective for declining to raise the claim.

Petitioner has not filed a response to the order to show cause and, for the reasons outlined above, the court finds that summary dismissal is appropriate.  The Clerk of the Court is directed to enter judgment and close this file.

      IT IS SO ORDERED.

DATED:  November 18, 2009

                                                          _____
                                                          **CRAIG M. KELLISON**
                                                          UNITED STATES MAGISTRATE JUDGE